# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 19-cv-01179-RM

JAMES M. WHITE

    Plaintiff,

v.

RON W. CHRISTIAN, Individually;
BRAKE PLUS, LLC;
KEVIN CANNON, Individually; and
SBT DISTRIBUTORS, LLC.,

    Defendants.

---

## ORDER TO SHOW CAUSE
---

This matter is before the Court *sua sponte* upon consideration of the Complaint (ECF No. 1) arising from Defendants' alleged breach of contract. Plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332, which requires complete diversity of citizenship between the parties. Here, to show diversity, Plaintiff alleges the following:

(1) At the time of the alleged breach, Plaintiff "resided in Colorado Springs, State of Colorado";

(2) At the time of the alleged breach, Defendant Ron Christian "was a domiciliary of Michigan residing in Arizona";

(3) Defendant Brake Plus, LLC, is a Michigan Limited Liability Company with a principal place of business in Troy, Michigan;

(4) Defendant Kevin Cannon, "at all times relevant to the actions complained of herein," was a resident of the state of Texas; and

(5) Defendant SBT Distributors is a Texas Limited Liability Company with a principal place of business located in N. Richland Hills, Texas.

(Complaint, ¶¶ 3-7.) Such allegations, however, are insufficient.

First, as relevant here, it is the citizenship of the parties at the time this action was filed that determines whether diversity jurisdiction exists. 13E Charles Alan Wright, et al., Federal Practice & Procedure § 3608 (3d ed. 2019) ("It has long been hornbook law, applied by courts at all levels of the federal judiciary throughout the nation, that whether federal diversity of citizenship jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced by filing the complaint with the court."). In addition, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted). Thus, for purposes of determining citizenship, Plaintiff's allegations are insufficient to show his citizenship and that of Defendants Christian and Cannon.

Next, Defendants Brake Plus, LLC and SBT Distributors are LLCs and "an LLC, as an unincorporated association, takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1234 (citations omitted). Here, Plaintiff fails to allege the identity and citizenship of these LLC Defendants' members. As such, diversity jurisdiction has not been shown.

Based on the foregoing, it is ORDERED that on or before Friday, May 3, 2019, Plaintiff shall SHOW CAUSE why this case should not be dismissed due to this Court's lack of subject matter jurisdiction.[1]

DATED this 23rd day of April, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] The Court also notes Plaintiff fails to comply with D.C.COLO.LCivR 10.1(e) which provides that "[a]ll pleadings and documents shall be double spaced." Future filings may be summarily stricken if they fail to comply with this rule. Further, if this case is not dismissed for lack of subject matter jurisdiction, Plaintiff shall be required to refile his complaint in compliance with Local Rule 10.1.